# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Claudia Flower, Respondent.

Appellate Case No. 2025-000016

Opinion No. 28288
Submitted June 11, 2025 – Filed July 2, 2025

## PUBLIC REPRIMAND

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Kristina Jones Catoe,
both of Columbia, for the Office of Disciplinary Counsel.

Claudia Flower, of Arnold, MD, pro se.

**PER CURIAM:**   This attorney disciplinary matter is before the Court pursuant to the reciprocal disciplinary provisions of Rule 29, RLDE, Rule 413, SCACR.  On December 26, 2024, Respondent was publicly censured by the District of Columbia Court of Appeals pursuant to a petition for negotiated attorney discipline.  Notice of that discipline was filed with this Court on January 3, 2025, pursuant to Rule 29, RLDE.  The Office of Disciplinary Counsel filed a response on January 14, 2025, arguing the imposition of identical discipline is warranted. Respondent did not file a response.  We impose a public reprimand as reciprocal discipline.

## I.

The District of Columbia disciplinary matter was initiated by a complaint from one of Respondent's former clients, who is a citizen of El Salvador.  Respondent and the client entered an engagement agreement regarding an immigration matter, and Respondent filed a petition for asylum on the client's behalf in June 2014.  The

petition was denied, and Respondent filed an appeal on the client's behalf in June 2017. However, during the pendency of that appeal, Respondent recommended that the appeal be withdrawn in light of a recent United States Attorney General opinion which appeared to render the appeal futile.[1] Respondent informed the client that she would withdraw the appeal unless she heard back from the client with contrary instructions by June 19, 2018. Having heard nothing by that date from the client, Respondent filed a motion to withdraw the appeal in which she cited a change in controlling law as the reason for withdrawal. The Board of Immigration Appeals (BIA) granted the motion and dismissed the client's appeal in October 2018.

In May 2021, the client hired successor counsel to appeal the denial of the petition. Respondent was cooperative and responsive, providing the client's case file and a declaration for successor counsel to attach to the motion to reopen. In this declaration, Respondent asserted that she thought she needed to withdraw the appeal in order to withdraw her representation but acknowledged that, in hindsight, withdrawal of the appeal was not necessary to withdraw her appearance as counsel. Successor counsel filed the motion to reopen the previously withdrawn appeal in December 2021 on the grounds that Respondent provided ineffective assistance of counsel in withdrawing the appeal rather than withdrawing as counsel.[2] The BIA denied the motion to reopen as time-barred, and successor counsel appealed. It is unclear whether that appeal remains pending.

In the petition for negotiated discipline, Respondent admitted that she withdrew the appeal after her client failed to comply with the deadline for giving her other instructions; however, the client had not consented to Respondent's withdrawing the appeal. Respondent asserted that she thought she needed to withdraw the appeal in order to withdraw her representation; however, this was incorrect. The court found Respondent violated Rule 1.1(a) (competence) and Rule 1.16(d) (requiring a lawyer seeking to withdraw from representation to take reasonable steps protect a client's interest) of the District of Columbia Rules of Professional Conduct. In evaluating the proper sanction, the District of Columbia Court of

---

[1] *See Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) (holding asylum claims based on domestic violence perpetrated by non-governmental actors should generally be denied).

[2] *See Matter of A-B-*, 28 I&N Dec. 307 (A.G. 2021) (vacating the 2018 decision in *Matter of A-B-* and reinstating prior precedent allowing for certain asylum claims based on domestic violence perpetrated by non-governmental actors)

Appeals noted Respondent has no prior disciplinary history, and that she took full responsibility for her misconduct, demonstrated remorse, and fully cooperated with both successor counsel and the disciplinary investigation. Accordingly, the court concluded the appropriate sanction for Respondent's misconduct was a public censure, which it imposed.[3]

## II.

Upon notice that another jurisdiction has disciplined a lawyer admitted to practice in South Carolina, Rule 29(b), RLDE, provides the lawyer and ODC have thirty days to submit any claims as to why the imposition of identical discipline in this state would be unwarranted and the reasons for that claim. Rule 29(d), RLDE, provides that upon the expiration of that thirty-day period, this Court "*shall impose* the identical discipline" unless certain conditions exist, including that "the misconduct established warrants substantially different discipline in this state." Rule 29(d)(4), RLDE (emphasis added).

As noted above, notice of Respondent's discipline in the District of Columbia was filed with this Court on January 3, 2025, and the Office of Disciplinary Counsel filed a response on January 14, 2025, arguing the imposition of identical discipline is warranted. Respondent did not file a response.

As there is no argument or evidence that identical discipline should not be imposed, we find that none of the reasons set forth in Rule 29(d), RLDE, exist to justify different discipline in this matter. Accordingly, we conclude that under our Rules for Lawyer Disciplinary Enforcement, a public reprimand is the equivalent of the public censure issued in the District of Columbia, and we publicly reprimand Respondent as reciprocal discipline.[4] Within thirty days, Respondent shall pay the costs, if any, incurred in the investigation and prosecution of this matter by ODC.

---

[3] The negotiated discipline also required Respondent to complete three hours of continuing legal education in the area of client communications; however, because Respondent had already completed that requirement prior to the imposition of discipline, the sanction Respondent received was a public censure with no conditions.

[4] Although this Court might not have otherwise imposed a public sanction for this misconduct, we are constrained by the provisions of Rule 29, RLDE, which require the imposition of identical discipline in this matter.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**